NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a1014n.06

**No. 13-3461**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 04, 2013
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| STEVE HESKETT, II; HESKETT LAND DEVELOPMENT, LLC, | ) ) ) |
| Plaintiffs-Appellants, | ) ) ) |
| v. | ) ) ) |
| ATHENS COUNTY, OHIO; JILL T. THOMPSON; JANE DOE, | ) ) ) |
| Defendants-Appellees. | ) ) ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE:  MOORE and GRIFFIN, Circuit Judges; and KORMAN, District Judge.[*]

PER CURIAM.

In 2000, plaintiffs purchased a parcel of land in Athens County, Ohio.  Prior to plaintiffs' purchase, one of the buildings on the land had enjoyed tax-exempt status.  At some point after plaintiffs' purchase of the parcel, defendants reassessed the parcel's value, which ultimately left plaintiffs with a significant tax bill.  Plaintiffs filed this action in the district court alleging that, under 42 U.S.C. § 1983, defendants had violated plaintiffs' rights under the First and Fourteenth Amendments, as well as the Americans with Disabilities Act.  The district court found that the assessment at issue here was a "tax" and not a "fee" and that there were "plain, speedy, and

---

[*]The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

efficient" state remedies available to plaintiffs. Accordingly, the district court concluded that the Tax Injunction Act, 28 U.S.C. § 1341, deprived the federal courts of jurisdiction, and dismissed plaintiffs' claims. Plaintiffs appealed.

Having thoroughly reviewed the record, the parties' briefs, and the applicable law, we find no error in the district court's analysis. The reasoning supporting the judgment for defendants was clearly and persuasively articulated by the district court, and, accordingly, there is no need for a detailed written opinion by this court. Any opinion by us would be duplicative and would serve no jurisprudential purpose. We therefore affirm the district court's judgment for the reasons stated in that court's opinion.

AFFIRMED.